UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

RODERICK GUNN,

    Petitioner

-against-

UNITED STATES OF AMERICA,

    Respondent.

------------------------------------------------------------- x

**ORDER AND OPINION:
CONCURRENT SENTENCES
DOCTRINE BARS REVIEW**

03 Cr. 1277 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Pursuant to Mandates issued January 23, 2023, and September 22, 2025 (22-1391 and 25-522), I consider whether "the concurrent sentences doctrine bars [Roderick Gunn's] challenge to…[his] § 924(c) conviction," under S.D.N.Y. docket 03 Cr. 1277, "in light of subsequent events." The "subsequent events" arose in a different docket, Gunn's conviction and sentencing in 06 Cr. 911. The Second Circuit Mandate requires consideration of both dockets, each involving different Hobbs Act robberies.

## BACKGROUND

    In December 2003, Gunn pleaded guilty to a six-count Information. *See* 03 Cr. 1277, ECF No. 52. The Information charged Gunn and others with conspiracy between 2001 and 2002 to commit robbery of narcotics and narcotic proceeds (Count 1),[1] robbery of narcotics proceeds in December 2001 (Count 2), aiding and abetting the use, carrying and brandishing of a firearm in connection with the conspiracy and robbery alleged in Counts 1 and 2 (Count 3), conspiracy between 2002 and 2003 to distribute narcotics (Count 4), carrying a gun as an alien on April 4, 2003 (Count 5) and on May 1, 2003 (Count 6). Judge William H. Pauley sentenced Gunn to 57

---

[1] The overt acts alleged robberies and brandishing of guns in Mt. Vernon and The Bronx, NY, and at Newark Airport.

1

months' imprisonment on Counts One, Two, Four, Five, and Six to run concurrently, and 84 months' imprisonment on Count Three to run consecutively, for a total of 141 months' imprisonment, followed by five years of supervised release. *See* ECF No. 58.

In a separate case, 06 Cr. 911, Gunn and associates were indicted of conspiracy in 2002 and 2003 to commit robbery to steal narcotics and narcotics proceeds in Elmont and Bronx NY (Count 1), attempted robbery of narcotics and narcotics proceeds on or about October 31, 2002 in Elmont NY (Count 2), attempted armed robbery to steal narcotics and narcotic proceeds on January 21, 2002 in the Bronx (Count 3), using, carrying and possessing a gun in furtherance of the crimes of violence charged in Counts 1 and 3 (Count 6), causing the murder of Gary Grey (Count 7), and conspiracy to distribute narcotics (Count 8). A jury found Gunn guilty of five of the six counts charged against him.[2] Judge Pauley sentenced Gunn to life imprisonment on Count 7, 40 years on Count 8 and 20 years on Counts 1, 3 and 6, all to run concurrently with one another and with his imprisonment under 03 Cr. 1277, followed by a life term of supervised release.

Both judgments were affirmed. *See United States v. Gunn*, 419 F. App'x 106, 107 (2d Cir. 2011); *United States v. Davis,* 689 F.3d 179, 191 (2d Cir. 2012). Gunn sought habeas relief in both cases. Judge Pauley denied both petitions, on April 28, 2014, in 03 Cr. 1277, and on March 7, 2017, in 06 Cr. 911.

On August 3, 2021, following Judge Pauley's untimely death, the two dockets were reassigned to me, with two motions pending, for compassionate release in 06 Cr. 911, and for habeas relief in 03 Cr. 1277. By that time, Gunn had completed his 141-month term of

---

[2] Gunn was not charged in Counts 4 and 5 and was found not guilty of Count 2.

imprisonment in 03 Cr. 1277[3] but remained in custody pursuant to his life plus 40 years sentence in 06 Cr. 911. I denied both motions, holding that the concurrent sentences doctrine barred habeas relief, since Gunn remained subject to his life-plus-40-year sentence in 06 Cr. 911 (03 Cr. 1277, ECF No. 98), and that he had not shown extraordinary circumstances justifying compassionate release. *See* 06 Cr. 911, ECF No. 362.

Gunn appealed my order denying him habeas relief. On January 23, 2023, the Court of Appeals granted him a Certificate of Appealability and vacated and remanded my order denying section 2255 review of Gunn's § 924(c) charge, instructing me to consider the applicability of the concurrent sentences doctrine to that charge "in light of the subsequent events."

The "subsequent events" arose from a third motion inherited from Judge Pauley, Gunn's motion to "place case on docket for review," filed April 29, 2021. Gunn's motion sought to dismiss the gun counts in 06 Cr. 911, Counts 6 and 7, and resentencing. I ordered rebriefing. *See* 06 Cr. 911, ECF No. 280. In response, the Government conceded that, because of three recent Supreme Court rulings — *Johnson v. United States*, 576 U.S. 591 (2015), *United States v. Davis*, 588 U.S. 445 (2019), and *United States v. Taylor*, 596 U.S. 845 (2022) — Gunn's motion had to be granted, and that he should be resentenced. The Court of Appeals mentioned in its 03 Cr. 1277 Mandate that one of the "subsequent events" was Gunn's resentencing.

After an updated presentencing report and several adjournments, I resentenced Gunn in his 06 Cr. 911 docket on May 6, 2024, to 360 months in custody: 180 months on Count 1, the conspiracy to commit robberies count, 180 consecutive months on Count 3, the attempted robbery count, or a total of 360 months, plus 60 concurrent months on Count 8, the narcotics count — all consecutive to his (completed) sentence under 03 Cr. 1277, followed by four years

---

[3] His "03" sentence ended, and his "06" sentence began, on June 21, 2013 (based on information provided to the Court by the Bureau of Prisons).

of supervised release. *See* Sentencing Transcript at 6-7, United States v. Gunn, No. 06 Cr. 911 (S.D.N.Y. May 6, 2024), ECF No. 443. Judgment was entered August 22, 2024.

Gunn moved to dismiss whatever remained in his sentence in 03 Cr. 1277, arguing that the entire case should be dismissed. He based his motion on an argument that the district court lacked jurisdiction because he had not been presented to a grand jury. I denied his motion. *See* 03 Cr. 1277, ECF No. 109. Gunn filed a writ of mandamus, which the Court of Appeals denied, ruling that Gunn had not demonstrated that he lacked an adequate alternative means of obtaining relief. But the denial was without prejudice to renewal if the district court were not to issue a ruling responsive to its earlier mandate of January 23, 2023. *See* 03 Cr. 1277, ECF No. 110. As noted, the original mandate ordered the district court to consider the concurrent sentences doctrine in light of the "subsequent events" discussed above.

Subsequently, I appointed the lawyer who had represented Gunn in his "06" case to represent him in "03" as well. Gunn dismissed the lawyer, and filed his motion again, pro se, entitling it "Motion to dismiss for lack of jurisdiction and fraud upon the court," basing it on Civil Rules 60(b)(4) and (d)(3). *See* ECF No. 113. The court will address that motion separately. The balance of this opinion will address the Mandate, the implication of the concurrent sentences doctrine to the sentence in 03 Cr. 1277.

## CONCURRENT SENTENCES DOCTRINE

"The concurrent sentence doctrine is 'a rule of judicial convenience' that 'allows courts, in their discretion, to avoid reaching the merits of a claim altogether in the presence of identical concurrent sentences since a ruling in the defendant's favor would not reduce the time served or otherwise prejudice him in any way.'" *Gomez v. United States*, 87 F.4th 100, 106 (2d Cir. 2023), *cert. denied*, 145 S. Ct. 190 (2024) (*quoting Kassir v. United States*, 3 F.4th 556, 561 (2d Cir.

2021) (internal quotation marks and footnote omitted)). Additionally, the doctrine may be applied "in the context of challenged *consecutive* sentences when (1) the collateral challenge will have no effect on the time the defendant must remain in custody and (2) the unreviewed conviction will not yield additional adverse collateral consequences." *Id. (citing Al-'Owhali v. United States*, 36 F.4th 461, 467 (2d Cir. 2022)).

## DISCUSSION

At the time of his recent resentencing in 06 Cr. 911, May 6, 2024, Gunn had completed his term of custody in 03 Cr. 1277 and was serving his life plus 40-year sentence in 06 Cr. 911. He remained in custody after his resentencing to 360 months in 06 Cr. 911, and he now has the expectation of a release date of January 13, 2039.[4] Unless I consider, retroactively, his completed custodial sentence in "03", there is nothing I can do to shorten his term of custodial service in "06." And even if I were to examine retroactively his sentence in "03", I could not help him. Thus, the concurrent sentence doctrine bars further resentencing. Nevertheless, I address Gunn's 03 Cr. 1277 docket.

In "03", there were two predicates for the section 924(c) sentencing enhancement for using a gun in connection with a crime of violence. The count in the "03" indictment that alleged that enhancement, Count 3, was based on two predicates, the conspiracy to commit robberies alleged in Count 1, and the Hobbs Act robbery alleged in Count 2. Although the conspiracy count can no longer be considered a crime of violence, *see Hall v. United States,* 58 F.4th 55, 63 (2d Cir. 2023) (2019), the Hobbs Act robbery alleged in Count 2 remains a valid predicate. *See United States v. Barrett*, 102 F.4th 60, 81 (2d Cir. 2024), *cert. granted in part*, 145 S. Ct. 1307, 221 L. Ed. 2d 395 (2025). Hence the enhancement provided by section 924(c) of 84 consecutive

---

[4] Data for prisoners on the Bureau of Prisons website shows that release date. It also shows that Gunn is 53 years old.

5

months, and their imposition by Judge Pauley in his sentence of 141 months, remains. A retroactive inquiry into the "03" sentence would not reduce Gunn's sentence; neither his completed "03" custodial sentence, nor his current custody under "06". And a retroactive inquiry into one sentence to reduce another is not authorized. See 18 U.S.C. § 3585; *United States v. Martin,* 974 F.3d 124, 139 (2d Cir. 2020).

## CONCLUSION

Gunn's petition for review of his detention in 03 Cr. 1277 is denied. Although Gunn has failed to make a substantial showing of the denial of a constitutional right. *see* 28 U.S.C. § 2253(c), I nevertheless grant a certificate of appealability, as the Court of Appeals vacated and remanded my ruling as to Gunn's § 924(c) charge, it should have an opportunity to review this response to its Mandate.

The Clerk of Court shall mail a copy of this order to Petitioner Gunn and terminate ECF No. 107.

SO ORDERED.

Dated:      December 10, 2025
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

6